IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00387-PAB-MEH

WILLIAM MONTGOMERY,

 Plaintiff,

v.

DON CALVANO,

 Defendant.

## ORDER ACCEPTING MAGISTRATE RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 60]. The Recommendation addresses Defendant's Second Motion to Dismiss Amended Complaint [Docket No. 54]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

On February 12, 2017, plaintiff was shopping at a Walmart Superstore in Commerce City, Colorado. *See* Docket No. 34 at 5, ¶ 5. At the north entrance of the store, where plaintiff entered, plaintiff saw defendant, a Commerce City police officer, standing near the entrance of the store. *See id.*, ¶ 6. Plaintiff purchased a package of sliced cheese at the self-check out register. *Id.* at 5-6, ¶ 7. He did not use a bag, since it was only one item. *Id.* Plaintiff proceeded to the north exit. *Id.* at 6, ¶ 8. While

---

[1] The Court assumes that the allegations in plaintiff's amended complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

exiting, plaintiff walked past defendant and a Walmart employee, who "said something" to defendant. *Id.*, ¶¶ 9-10. Neither defendant nor the employee said anything to plaintiff as he walked past them. *Id.*, ¶ 10. Plaintiff proceeded to exit the store. *Id.* Defendant began following plaintiff; plaintiff "turned around, and while still walking, asked" if defendant was detaining him. *Id.* at 6-7, ¶ 11. Defendant responded: "I am, I need to see your receipt. So when they ask you, you have to show it. So do you have a receipt for the merchandise?" *Id.* Plaintiff declined to show his receipt and stated that he could not be detained for refusing. *Id.* at 7, ¶ 12. Plaintiff continued to state that he could neither "confirm nor deny that he paid for the merchandise." *Id.*

Defendant detained plaintiff for fourteen minutes while several Walmart employees investigated whether plaintiff purchased the sliced cheese. *Id.* at 8, ¶ 14. A Walmart employee told defendant that plaintiff "did not pay for the merchandise." *Id.*, ¶ 15. Defendant did not "follow up on it with any clarifying questions" and placed plaintiff under arrest for shoplifting. *See id.* at 8-9, ¶¶ 15-16. Defendant escorted plaintiff "to the back of the store" where plaintiff was held in a "loss prevention office." *Id.* at 9, ¶¶ 17-18. Defendant issued plaintiff a municipal court summons for petty theft. *Id.*, ¶ 18. Plaintiff then began to leave the building, but, before doing so, showed defendant his receipt for the cheese. *Id.*, ¶ 19. Defendant verified the authenticity of the receipt with a Walmart employee and, after learning that it was legitimate, told plaintiff the court summons "was no longer valid." *Id.*, ¶ 20.

On February 12, 2019, plaintiff filed suit. *See* Docket No. 1. Plaintiff asserts two claims, one for unreasonable seizure and the other for false arrest, both in violation of

the Fourth Amendment.  *See id.* at 8-11.  On initial review of the *pro se* complaint under D.C.Colo.LCivR 8.1(b), Senior District Judge Lewis T. Babcock dismissed the first claim under 28 U.S.C. § 1915(e)(2)(B).  Docket No. 5 at 7.  Subsequently, on a motion to reconsider, the Court reinstated plaintiff's first claim.  *See* Docket No. 48.  Defendant filed a motion to dismiss both of plaintiff's claims on March 20, 2020.  *See* Docket No. 54.  Magistrate Judge Hegarty issued a recommendation on defendant's motion on June 3, 2020.  *See* Docket No. 60.  Plaintiff filed an objection on June 18, 2020, *see* Docket No. 61, to which defendant responded.  *See* Docket No. 62.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of

the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted). Because plaintiff is pro se, the Court construes his pleadings liberally. *See Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007).

## III. ANALYSIS

### A. Unreasonable Seizure

There are no objections to the magistrate judges's recommendation that defendant is entitled to qualified immunity based on his investigative detention of plaintiff. The Court has reviewed the non-objected portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

### B.  Unlawful Arrest

Magistrate Judge Hegarty recommends that defendant is entitled to qualified immunity regarding the arrest of plaintiff.  *See* Docket No. 60 at 21.  Specifically, the magistrate judge concluded that it was not clearly established that defendant did not have probable cause to arrest plaintiff.  *See id.* at 17-21.  The magistrate judge resolved plaintiff's claim on only the second prong of the qualified immunity analysis.  *Id.* at 17.

Plaintiff makes two objections.  *See* Docket No. 61 at 2-12.  First, plaintiff argues that he maintains the right to not consent to searches and to not respond to police questioning and, as a result, the magistrate judge improperly relied on plaintiff's failure to respond to questioning in analyzing plaintiff's claim.  *See id.* at 2-8.  Second, plaintiff contends that the magistrate judge's interpretation of *Baptiste v. J.C. Penney Company, Inc.*, 147 F.3d 1252 (10th Cir. 1998), and *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423 (10th Cir. 1984), is incorrect.  *See* Docket No. 60 at 8-11.

As to plaintiff's first objection, plaintiff misconstrues the magistrate judge's analysis.  The Recommendation is solely addressing whether it was clearly established that an officer does not have probable cause to arrest someone for shoplifting when a plaintiff does not confirm or deny that he paid for the items and a store employee has informed the officer that the plaintiff did not in fact pay for the allegedly stolen merchandise.  *See id.* at 17 ("The Court will . . . address[] the second prong of the qualified immunity analysis.").  As the magistrate judge correctly noted, qualified immunity "protects public employees from both liability and 'from the burdens of

litigation' arising from their exercise of discretion." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (quoting *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013)). For a claim to survive a qualified immunity defense, a plaintiff must "demonstrate '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Id.* (quoting *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015)). Courts are permitted to address the prongs of the qualified immunity analysis in any order that they wish and, should "think hard" before addressing both prongs of the analysis. *See Hunt v. Bd of Regents of Univ. of N.M.*, 792 F. App'x 595, 600-01 (10th Cir. 2019) (unpublished) (citing *Camreta v. Greene*, 563 U.S. 692, 707 (2011)); *see also Yeasin v. Durham*, 719 F. App'x 844, 850 (10th Cir. 2018) (unpublished) ("We can analyze either prong of the qualified immunity test first and can resolve the case solely on the clearly established prong." (citing *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013)). Thus, the issue is not whether plaintiff retains a right to refuse to answer questions, but, in the context of the facts as alleged by plaintiff, whether it was clearly established that defendant did not have probable cause to arrest plaintiff.[2]

Even so, the Court disagrees with plaintiff's analysis of *Koch*, 660 F.3d at 1242-46. First, *Koch* analyzed whether it was clearly established that the plaintiff's "refusal to

---

[2] The magistrate judge concluded that the shoplifting cases from the Tenth Circuit were factually distinct from plaintiff's situation. *See* Docket No. 60 at 18-19. In doing so, the magistrate judge reasoned that, under *Koch v. City of Del City*, 660 F.3d 1228, 1242-46 (10th Cir. 2011), plaintiff does not have a clearly established right to refuse to answer an officer's questions and, as a result, plaintiff's refusal to either confirm or deny that he purchased the cheese was an appropriate fact to consider in determining whether it was clearly established that defendant could not arrest plaintiff. *See* Docket No. 60 at 20-21.

answer would constitute obstruction" such that the officer had probable cause to arrest the plaintiff for obstruction. *See id.* at 1241. Thus, the specific question at issue was not whether refusal to answer could supply probable cause for shoplifting, but whether refusal to answer could supply probable cause for obstruction. *See id.* However, in answering that question, the Tenth Circuit stated that there is no authority for the proposition that there is a clearly established right to avoid answering an officer's questions during a *Terry* stop under the Fourth, Fifth, or First Amendments. *See id.* at 1243-46. Thus, *Koch* did not state that there were clearly established rights under any of these amendments regarding police questioning during an investigative stop.[3] *See id.* As plaintiff himself states, the discussion regarding whether he invoked a right to remain silent or whether he has one "may be moot" because the issue is the presence of clearly established law, and not any standalone right under the Fifth Amendment. *See* Docket No. 61 at 8, ¶ 9. The Court agrees with plaintiff on this point: the ultimate question is whether it was clearly established that defendant did not have probable cause to arrest plaintiff under the circumstances. The Court agrees with the magistrate judge that it was not clearly established.

On the second prong of the qualified immunity analysis, plaintiff is required to

---

[3] Plaintiff also relies on *Kaufman v. Higgs*, 697 F.3d 1297 (10th Cir. 2012), for the proposition that it is established, under Colorado law, that plaintiff has a right to remain silent in the face of an officer's questioning. *See* Docket No. 61 at 2-3. But *Kaufman* had no such holding. The Tenth Circuit analyzed Colorado's obstruction statute and what constituted probable cause under that statute, not a broad principle regarding a clearly established right to remain silent during officer questioning. *See Kaufman*, 697 F.3d at 1302 ("No reasonable officer could have construed *Colorado's obstruction statute* as criminalizing the choice to remain silent when faced with questions the answers to which might be incriminating." (emphasis added)).

show a "Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts" to demonstrate that a right was clearly established. *See Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010). Plaintiff's objection pertains to two Tenth Circuit cases, *Baptiste* and *Lusby*.[4] *See* Docket No. 61 at 9, ¶ 10. However, both cases are distinguishable and do not demonstrate any clearly established right under the circumstances of this case.

In *Baptiste*, the plaintiff purchased a sterling silver ring at J.C. Penney. *See* 147 F.3d at 1254. Security guards had been watching the plaintiff while she was shopping and believed she had stolen a ring. *Id.* As a result, when the plaintiff left the store, the security guards stopped the plaintiff, escorted her to the basement office, and interrogated her. *Id.* When they were unable to find the ring, they called the police department. *Id.* Upon arrival, the officer "spoke with the security guards and viewed the security videotape." *Id.* The videotape showed plaintiff trying on rings and comparing them to one she had in her bag; eventually she placed a ring back in her bag and held one in her hand while looking for a sales person. *Id.* After a gap in the video, the video showed the plaintiff "making a purchase," although the edited video did not show what the plaintiff was purchasing. *Id.* & n.3. After viewing the recording, the officer searched the plaintiff, conducted a pat down, and had plaintiff empty her bags. *Id.* at 1255. Plaintiff showed the officer receipts for two rings in her bag. *Id.* The plaintiff sued for a warrantless arrest that was not supported by probable cause. *Id.* at

---

[4] Plaintiff also cites a case from the Fourth Circuit. *See* Docket No. 61 at 9, ¶ 10. But plaintiff offers no support for the proposition that a single case from another circuit supplies the requisite "weight of authority from other courts." *Wilson*, 625 at 690.

1256.

The Tenth Circuit stated that the operative question as to whether a constitutional right was violated was whether the officer had reasonable grounds to believe the shoplifting allegations of the security guards "in light of the . . . video tape; Ms. Baptiste's explanation; her production of receipts for two rings; and the search . . . which revealed no stolen merchandise." *Id.* at 1257.  The court held that there was no reasonable grounds because the security guards' allegations were "memorialized in its entirety on the videotape" and the conduct shown on the video tape was insufficient for probable cause.  *Id.*  In determining whether this right was clearly established, the Tenth Circuit stated that "police officers may not ignore easily accessible evidence and thereby delegate their duty to investigate and make an independent probable cause determination based on that investigation." *Id.* at 1259.  The court reasoned that, "[b]ecause the officers knew that the allegations of the guards were based on observations of conduct captured and preserved on an available videotape," they could not rely on the statement of the security guards for probable cause.  *Id.*  Thus, officers "may not ignore available and undisputed facts." *Id.* (citation and emphasis omitted). Ultimately, the security guards' statement "add[ed] nothing to the totality of the circumstances" because all the information in front of the security guards was also in front of the officers, plus the officers had the plaintiff's receipts and explanation that comported with the security footage.  *Id.* at 1259-60.

Plaintiff argues that his situation is "precisely" the same.  *See* Docket No. 61 at 9-10.  Plaintiff contends that, because defendant "commissioned the Walmart

employee to conduct [] [the] investigation," he delegated his duty to investigate to that employee. *Id.* at 10. The issue, however, is that nowhere in plaintiff's complaint does he allege that there was other available evidence for defendant to review. In *Baptiste*, the officers were called as a result of the video tape. *See* 147 F.3d at 1258-60. The statements of the security guards were insufficient because there was other, available evidence. *Id. Baptiste* did not hold that a police officer is never allowed to rely on the statements of a security officer. Instead, it held that, in the circumstances of that case – where a plaintiff had shown her receipts, there was a videotape, and the plaintiff's explanation was corroborated by the video tape – it was unreasonable to base probable cause the statements of the security officers. *Id.*

Here, plaintiff does not allege that other evidence was available, that defendant saw that evidence, that the evidence corroborated plaintiff's story, and that plaintiff had a receipt for his item. A more apt analogy would be if, after plaintiff showed his receipt, a Walmart employee told defendant that the receipt was not for the sliced cheese, but for another item or from a different store, and defendant nonetheless arrested plaintiff. In that situation, there would be readily available evidence (the receipt) that defendant could have used. But that is not the case here. In fact, according plaintiff's allegations, once available evidence was provided to defendant, it was used and plaintiff was released. As a result, *Baptiste* is not sufficiently on point for it to be clearly established that defendant did not have probable cause. There is no error in the magistrate judge's analysis of *Baptiste*.

Plaintiff also relies on *Lusby*. *See* Docket No. 61 at 11, ¶ 11. But, as Magistrate

11

Judge Hegarty concluded, *Lusby* is factually different.  *See* Docket No. 60 at 20. There, the plaintiff purchased sunglasses, left the store, and returned to buy some hair spray.  *See Lusby*, 749 F.2d at 1427.  The plaintiff carried the sunglasses through the checkout line while he purchased the hair spray.  *Id.*  An assistant manager saw the plaintiff purchase the hair spray without also purchasing the sunglasses.  *Id.*  An off-duty police officer was sent to investigate; he asked the plaintiff for his receipt for the sunglasses.  *Id.* at 1427-28.  The plaintiff said that he had purchased the sunglasses, but lost the receipt, at which point the officer arrested the plaintiff.  *Id.* at 1428.  The Court denied qualified immunity to the city based on a municipal policy of failing to "routinely investigate merchants' allegations of shoplifting," *id.* at 1432, as well as finding there was sufficient evidence in the record for a jury to conclude that there was no probable cause to arrest the plaintiff.  *Id.* at 1434.

While the "message" of *Lusby* is that "police officers may not ignore easily accessible evidence," *Baptiste*, 147 F.3d at 1259, plaintiff has not alleged that there was any easily accessible evidence available.  Moreover, in *Lusby*, the plaintiff told the officer that he had purchased the sunglasses moments before and therefore there was a cashier who could easily corroborate the plaintiff's story.  *See* 749 F.2d at 1427-29. Rather than conducting any investigation, the officer arrested him.  *Id.*  Here, not only has plaintiff not alleged that there was any readily evidence available to defendant, but plaintiff made no statement to defendant to call defendant's attention to the existence of such evidence.  As a result, as Magistrate Judge Hegarty concluded, *Lusby* is not sufficiently similar to constitute clearly established law.

Accordingly, the Court finds no error in the Recommendation and defendant is entitled to qualified immunity on both claims.

## IV.  CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 60] is accepted.  It is further

**ORDERED** that the Defendant's Second Motion to Dismiss Amended Complaint [Docket No. 54] is **GRANTED**.  It is further

**ORDERED** plaintiff's first and second claims for relief are **DISMISSED** with prejudice.  It is further

**ORDERED** that judgment shall enter for defendant and against plaintiff on all claims.  It is further

**ORDERED** that this case is closed.

DATED March 15, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge